IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDERICK P. SCHNEIDER,

                Plaintiff,

v.

TOWN OF CAMPBELL, ANDREW J. GAVRILOS,
ADAM BREIDEL, MICHAEL VALENCIA,
COUNTY OF LA CROSSE, and
JOANN R. SCHALLER,

                Defendants.

ORDER

16-cv-208-jdp

---

Plaintiff Frederick P. Schneider filed an amended complaint, Dkt. 45, within the time permitted by the preliminary pretrial conference order, Dkt. 42, at 1. The amended complaint is substantially longer than the initial complaint, as plaintiff has added a new defendant, new facts, and (what appear to be) new claims.

Plaintiff's amended complaint was timely. But it does not comply with Federal Rule of Civil Procedure 8, because it does not contain a short and plain statement of the claim showing that plaintiff is entitled to relief. Instead, plaintiff has filed a ponderous document replete with legal argument and citations, irrelevant facts and argument concerning a different case, and lumped-together references to various causes of action that do not readily identify the claims that plaintiff intends to bring. Such a needlessly prolix and confusing complaint wastes the time of the opposing party and the court, and it violates Rule 8. *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994); *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("All that's required to state a claim in a complaint filed in a federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim."); *Smith v. Nat'l Health Care Servs. of Peoria*, 934 F.2d

95, 97 (7th Cir. 1991) ("[T]he complaint need not and should not contain citations to legal argument." (citation and internal quotation marks omitted)). As the Seventh Circuit made clear in *Vicom*, the fact that plaintiff asserts a conspiracy claim does not relieve plaintiff of his obligation under Rule 8 to present a short and plain statement of his case. *Vicom*, 20 F.3d at 776.

Also, the court will not accept plaintiff's attempt to incorporate the entire case docket into the complaint. Dkt. 45, ¶ 11 ("This first amended complaint incorporates by reference every other filing, affidavit, the original complaint, and all exhibits. All arguments proffered in affidavit form and filed with CM/ECF up to now are incorporated by reference to support this FAC."). The rules allow a complaint to incorporate the written instruments that are attached to the complaint as exhibits or other documents that are specifically mentioned. *See* Fed. R. Civ. P. 10(c). But the court will not accept plaintiff's kitchen-sink approach by which he attempts to buttress his complaint with everything filed so far.

Plaintiff's amended complaint is dismissed for failure to comply with Rule 8. Plaintiff has 10 days to file and serve a second amended complaint that complies with Rule 8. Given plaintiff's abuse of the incorporation-by-reference doctrine, his new complaint must be fully free-standing, completely replacing the original complaint and the first amended complaint.

In expectation of plaintiff's filing of a cleaned-up second amended complaint, the court will deny as moot defendants' pending motions to dismiss. Dkt. 20 and Dkt. 23. The motions are directed toward a no-longer-operative complaint, and it appears that the deficiencies of service have been corrected. "Under normal circumstances, the filing of an amended complaint renders moot any pending motion to dismiss." *Aqua Fin., Inc. v. Harvest King, Inc.*, No. 07-cv-15, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Pure*

*Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint."); *Lim v. Cent. DuPage Hosp.*, 972 F.2d 758, 762 (7th Cir. 1992) (noting without comment trial judge's denial of pending motion to dismiss as moot in light of amended complaint)). In some cases, the court would simply redirect pending motions toward the newly-operative complaint, in the interests of efficiency. But here, the amended complaint appears to incorporate new claims and legal theories (although the court expects the forthcoming second amended complaint to do so much more succinctly and clearly). Accordingly, the traditional approach is called for because it will be clearer for the defendants to respond to plaintiff's new Rule 8-compliant complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(3), defendants will have 14 days after service of the second amended complaint to answer or otherwise respond to it.[1]

ORDER

IT IS ORDERED that:

1. Plaintiff Frederick P. Schneider's amended complaint, Dkt. 45, is STRICKEN for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff will file a second amended complaint consistent with this order within 10 days.

---

[1] This deadline will not apply to defendant Schaller, who has apparently not yet been served. Schaller should be promptly served or dismissed from the case.

3. Defendants' motions to dismiss, Dkt. 20 and Dkt. 23, are DENIED as moot.

Entered June 23, 2016.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge