IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDERICK P. SCHNEIDER,

                      Plaintiff,

  v.

TOWN OF CAMPBELL,

                      Defendant.

OPINION & ORDER

16-cv-208-jdp

---

Plaintiff Frederick Schneider brought this lawsuit after he was arrested for displaying signs and flags on a highway overpass in Campbell, Wisconsin. Schneider asserted numerous claims under federal and state law against the Town of Campbell, La Crosse County, and several law enforcement officers, but the court dismissed all but one claim at summary judgment. Dkt. 85. Schneider's remaining claim is that the ordinance under which he was arrested violates his right to free speech under the federal and state constitutions. The court stayed a decision on that claim pending resolution of the appeal in *Luce v. Town of Campbell*, 113 F. Supp. 3d 1002 (W.D. Wis. 2015), which involved a challenge to the same ordinance. Now that the court of appeals has decided the appeal and returned the mandate, *Luce v. Town of Campbell*, 872 F.3d 512 (7th Cir. 2017), the stay can be lifted.

Although this court issued multiple orders reminding the parties not to file additional motions while the case was stayed, Dkt. 90 and Dkt. 97, Schneider filed five: (1) a "third motion for summary judgment," Dkt. 92; (2) a "motion for reinstatement of law license and direct clerk to send certificate of good standing to 11th Circuit US Court of Appeals," Dkt. 96; (3) a "motion to withdraw appearance," Dkt. 98; (4) a "motion to appear and for other purposes," Dkt. 99; and (5) a "motion for attorney fees and costs," Dkt. 101. For the reasons

explained below, the court will deny all of these motions, with the exception of counsel's motion to withdraw. And because *Luce* makes it clear that Schneider cannot prevail on his remaining claim, the court will grant summary judgment in favor of the town.

ANALYSIS

**A. Reciprocal discipline rule**

In February 2017, the Indiana Supreme Court suspended Schneider's counsel's law license and it remains suspended at this time. Counsel has filed three motions arising out of the Indiana Supreme Court's decision.

First, he filed a "motion to reinstate law license" after the clerk of court in this district refused to send a certificate of good standing to the Court of Appeals for Eleventh Circuit in light of the Indiana Supreme Court's decision. Under Rule 1 of this court's local rules, "When another jurisdiction enters an order of discipline against an attorney admitted to practice in this court, the same discipline is automatically effective in this court without further action by the court. . . . Within 45 days after the effective date of the order of discipline, the attorney may apply to the chief judge for modification or vacation of the discipline in this court." Available at http://www.wiwd.uscourts.gov/local-rules. Counsel asked the court to "reinstate [his] license so that [he] may finish this case for Mr. Schneider." Dkt. 96, at 4. He also asked the court to "direct the Clerk to send an active in good standing certificate to the 11th Circuit U.S. Court of Appeals." *Id.* at 5.

Second, without rescinding his previous motion, counsel moved to withdraw from the case on the ground that he is "not active in good standing before this court." Dkt. 98. Third, without rescinding his motion to withdraw, counsel filed a "motion to appear and for other

2

purposes," in which he argued that his "suspension" in this court was "invalid" because he did not receive notice and hearing. Dkt. 99.

From these motions, the court's understanding is that counsel is challenging the application of this court's Local Rule 1 to the discipline he received from the Indiana Supreme Court. But this court already addressed that issue in a separate lawsuit that counsel filed. *Straw v. U.S. District Court for the Western District of Wisconsin*, No. 17-cv-842 (W.D. Wis. Dec. 1, 2017), Dkt. 7. In that case, the court concluded that counsel was not entitled to notice and hearing in this district because he had an opportunity for a full and fair hearing by the Indiana Supreme Court. *Id.* That is a sufficient ground for denying counsel's request to allow him to continue practicing in this district.

Even if the court were to consider the merits of counsel's new filings, he has not shown that he is entitled to relief. Although he says that the Indiana Supreme Court discriminated and retaliated against him, he does not support that allegation with any evidence and he does not challenge the court's reasons for disciplining him. In particular, he does not deny that he raised frivolous claims and arguments in four lawsuits. He points to a decision in which the Virginia State Bar Disciplinary Bar declined to suspend his license, but that disagreement does not show that the Indiana Supreme Court was wrong or failed to provide counsel due process. In the absence of any argument from counsel as to why the Indiana Supreme Court's decision was incorrect, this court sees no reason to make an exception to its reciprocal discipline rule. The court will deny counsel's request to refrain from applying Local Rule 1 and grant counsel's motion to withdraw from the case.

This conclusion means that counsel was not authorized to file his motion for summary judgment or his motion for fees. But even if counsel *had* been authorized to file those motions, the court would deny both of them, for the reasons explained below.

B. **Summary judgment and fees**

The court considered the following claims in its March 15, 2017 opinion on the parties' cross motions for summary judgment: (1) a Town of Campbell ordinance prohibiting signs and other displays on certain highway overpasses violates the First Amendment and the Wisconsin Constitution; (2) defendants violated the First Amendment, the Fourth Amendment, and the Wisconsin Constitution when they arrested Schneider for violating the ordinance; (3) defendants violated the Fifth Amendment and the Wisconsin Constitution by "restricting [Schneider's] liberty"; (4) defendants violated Schneider's right to due process; (5) defendants violated his right to equal protection by enforcing the ordinance against him but not a local inn; (5) defendants conspired to violate Schneider's constitutional rights; (6) the county had an unconstitutional policy; (7) defendants violated the Americans with Disabilities Act and the Rehabilitation Act when they arrested Schneider; and (8) defendants committed various common law torts against Schneider. Dkt. 85.

The court granted defendants' summary judgment motion as to all of these claims, with one exception. As to Schneider's claim that the ordinance was unconstitutional, the court stayed a decision pending resolution of the appeal in *Luce*.

In *Luce,* 872 F.3d 512, the court of appeals considered the constitutionality of two parts of the ordinance: one provision that banned displays "on" certain highway overpasses and another provision that banned displays "within one hundred (100) feet" of those overpasses. The court upheld the first provision on the ground that it was a reasonable time, place, and

manner restriction in light of the risk that highway displays could cause an accident, but the court remanded the case to the district court for further proceedings to determine whether the town could justify the ban of displays within 100 feet of the overpasses, *id.* at 517–18.

*Luce* forecloses Schneider's remaining claim. It is undisputed that Schneider was displaying signs and flags *on* the highway overpass, Dkt. 85, at 3, so his conduct was not protected by the First Amendment under the holding in *Luce.* And unlike the plaintiffs in *Luce,* Schneider has not alleged that he has any intention of displaying signs within 100 feet of an overpass, so he does not have standing to challenge that portion of the ordinance. *ACLU of Illinois v. Alvarez,* 679 F.3d 583, 590–91 (7th Cir. 2012) ("To satisfy the injury-in-fact requirement in a preenforcement action, the plaintiff must show 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and [that] there exists a credible threat of prosecution thereunder.'") (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

Schneider does not directly challenge these conclusions in his new summary judgment motion, but he nevertheless contends that *he* is entitled to judgment as a matter of law on numerous grounds. Many of the issues Schneider raises were resolved in the March 2017 opinion and the court declines to revisit those issues. But two issues are at least arguably related to the remaining claim: (1) "the police chief [Andrew Gavrilos] should have allowed Schneider to do his displays off of the overpass if he so chose instead of arresting him," Dkt. 93, at 4; and (2) *Luce* is distinguishable because the highway in that case had a higher speed limit. Neither of these contentions has merit.

The first contention fails because it is not a challenge to the constitutionality of the ordinance. Rather, it is a claim that Gavrilos violated Schneider's rights by failing to give him

the option of displaying signs at a different location. But the court already dismissed Gavrilos from the case on the ground that he did not violate Schneider's clearly established rights and Schneider does not seek reconsideration of that decision. Thus, this claim is outside the current scope of the case. It is also outside the scope of the complaint because Schneider did not raise the claim before now.

In any event, the claim is frivolous. As discussed in the March 2017 opinion, in determining the constitutionality of an arrest, the question is whether the officer had probable cause that the suspect had violated the law. *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008). As also discussed in that opinion, Gavrilos had probable cause because he reasonably believed that Schneider was displaying signs on a highway overpass covered by the ordinance. That is the end of the matter. Schneider cites no authority for his novel contention that a police officer is required under the Constitution to give a suspect a second chance to comply with a law he has already broken. And in fact, Gavrilos *did* give Schneider a second chance. It is undisputed that Gavrilos did not arrest Schneider until after Schneider refused to leave the overpass and started arguing. Dkt. 85, at 4. Thus, this claim has no support in the facts or the law.

Schneider's second contention has two parts. First, he says that the "actual" speed limit on the highway underneath the overpass may have been as low as 25 miles per hour and the ordinance does not apply to speed limits lower than 40 miles per hour. Second, he says that even if the posted speed limit of 55 miles per hour is accurate, that is 10 miles per hour lower than the speed limit at issue in *Luce*. Again, both of these contentions fail.

Schneider's contention about the "actual" speed limit is outside the scope of the remaining claim because it has nothing do with whether the ordinance is constitutional. In any

6

event, this court concluded in the March 2017 opinion that "[i]t is undisputed that the posted speed limit on I-90 beneath the Bainbridge Street pedestrian overpass [where Schneider was arrested] on October 24, 2015, was 55 miles per hour." Dkt. 85, at 5. Because Schneider did not cite any contrary evidence, he forfeited any contention that he did not violate the ordinance. Even now, Schneider does not cite any record evidence to support his view that the "actual" speed limit was below 40 miles per hour. He speculates that the officials "could have" temporarily lowered the speed limit in response to accidents that occurred in the area, but speculation is not sufficient at the summary judgment stage. *Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1104 (7th Cir. 2012).

Schneider's contention that *Luce* is distinguishable fails as well. Although the court of appeals noted that the speed limit on the portion of the highway at issue in *Luce* was 65 miles per hour, the court's holding was not contingent on a particular speed limit. That is obvious from the fact that the court of appeals was considering the constitutionality of the *ordinance*, not the constitutionality of a particular arrest or citation. And the court's analysis makes this clear as well. The court upheld the provision at issue because it was reasonable for the town to conclude "that the presence of overhead signs and banners is bound to cause some drivers to slow down in order to read the sign before passing it. When one car slows suddenly, another may hit it unless the drivers of the following cars are alert—and, alas, not all drivers are alert all the time." *Luce*, 872 F.3d at 517. Schneider fails to provide a persuasive reason why that logic would not apply to a highway with a speed limit of 55 miles per hour. Regardless whether the speed limit is 55 or 65 miles per hour, a driver still might need to slow down to read a sign before passing it.

In sum, *Luce* leaves Schneider with no room to argue that his arrest or the relevant provision of the ordinance violated his right to free speech. The court will grant summary judgment to the town. Because Schneider did not prevail on any of his claims and only a "prevailing party" is entitled to attorney fees under 42 U.S.C. § 1988(b), the court will deny Schneider's motion for fees.

**C. Next steps**

As counsel recognizes, the result of applying Local Rule 1 is that he cannot continue to represent Schneider in this court. Although the court has resolved all of the claims, the issue of representation is not moot because Schneider may wish to file a notice of appeal. Schneider now has three options: (1) obtain new counsel to file a notice of appeal; (2) file a notice of appeal on his own; or (3) do nothing, which means that he will forfeit his right to appeal.

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Schneider has 30 days from the date judgment is entered to file a notice of appeal. If Schneider decides that he wants to appeal, but he is unable to obtain counsel or is otherwise unable to file a notice of appeal within 30 days, he may file a motion for an extension of time in this court, so long as he can identify a plausible reason for the extension. Fed. R. App. P. 4(a)(5)(A)(ii); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008).

ORDER

IT IS ORDERED that:

1. The stay imposed on March 15, 2017, is LIFTED.

2. Plaintiff Frederick Schneider's motion for summary judgment, Dkt. 92, is DENIED.

3. Summary judgment is GRANTED to defendant Town of Campbell.

4. Schneider's motion for attorney fees, Dkt. 101, is DENIED.

5. Counsel Andrew Straw's "motion for reinstatement of law license and direct clerk to send certificate of good standing to 11th Circuit US Court of Appeals," Dkt. 96, and "motion to appear and for other purposes," Dkt. 99, are DENIED.

6. Straw's motion to withdraw, Dkt. 98, is GRANTED.

7. Straw is directed to personally serve a copy of this order on Schneider.

8. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered December 29, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge